UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| LOUISE LOMBARDO, Individually and On Behalf of All Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>TPG Capital, L.P.,<br><br>  Defendant.<br>_____/ | No. C 13-01480 LB<br><br>**ORDER DENYING ADMINISTRATIVE MOTION AND REFERRAL ORDER FOR RELATED CASE DETERMINATION**<br><br>[ECF No. 4] |

On April 3, 2013, Plaintiff Louise Lombardo filed a class action complaint against Defendant TPG Capital, L.P.. *See* Complaint, ECF No. 1.[1] On April 12, TPG filed an administrative motion asking this court to relate the present *Lombardo* action to *Shankle v. TPG Capital, L.P.*, Case No. C-12-06181 CRB because the two cases "concern[] substantially the same parties and subject matter . . . . *See* Motion to Relate Case, ECF No. 4 at 1 ("Mot.").

Under Civil Local Rule 3-12(a), an action is related to another when:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 13-01480 LB
ORDER

N.D. Cal. Civil L. R. 3-12(a).

Moreover, Civil Local Rule 3-12(b) states:

> Whenever a party knows or learns that an action . . . [is] related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file *in the earliest-filed case* an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11.

N.D. Cal. Civil L. R. 3-12(b) (emphasis added).

After reviewing the complaints in these cases, it appears that the actions concern substantially the same parties and events. In *Shankle*, the named plaintiffs sought to represent:

> All individuals employed as Administrative Assistants or their equivalent positions at TPG Capital, L.P. in California at any time within four years before the filing of this complaint until January 1, 2012.

*Shankle*, ECF No. 3, ¶ 18. Here, Lombardo brings claims on behalf of herself and:

> a putative class of individuals who were employed by TPG in California as administrative assistants, including but not necessarily limited to those persons with the job title "Executive Assistant" or "Administrative Assistant," at any time during the period November 8, 2008 through the final disposition of this action (the "Class Period"), and who were classified by TPG as exempt from the protections provided by California's wage and hour laws and regulations (the "Class").

Complaint, ECF No. 1, ¶ 9. Both claims also involve similar events – wage and hour claims based on unpaid overtime and waiting time penalties – though the present action alleges additional claims as well.

The *Shankle* action began on December 6, 2012 whereas the *Lombardo* action began on April 3, 2013; therefore, the *Shankle* action is the earliest-filed case. *Compare Shankle*, Notice of Removal, ECF No. 1 *with Lombardo*, Complaint, ECF No. 1. Because TPG improperly submitted its administrative motion in *Lombardo* instead of in *Shankle*, the earliest-filed case, TPG's administrative motion does not comply with Local Rule 3-12(b). Accordingly, the court DENIES the pending motion. Instead, pursuant to N.D. Cal. Civil L.R. 3-12(c), the undersigned respectfully refers the above-captioned action to Judge Breyer for the purpose of determining the relationship to *Shankle v. TPG Capital, L.P.*, No. C 12-6181 CRB.

This disposes of ECF No. 4.


**IT IS SO ORDERED.**

Dated: April 22, 2013



LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

C 13-01480 LB
ORDER

3